**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 14-02079-VAP (KKx)                           Date:  October 9, 2014

Title:   FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- SHAWNNA BROWN, AND DOES 1 THROUGH X, INCLUSIVE
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                              None Present
   Courtroom Deputy                                      Court Reporter

ATTORNEYS PRESENT FOR                         ATTORNEYS PRESENT FOR
PLAINTIFFS:                                              DEFENDANTS:

   None                                                            None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On February 11, 2014, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer and Money Damages against Defendant Shawnna Brown ("Brown"), in case number UDFS 1400839.  (<u>See</u> Ex. A to Not. of Removal (Doc. No. 1).)   On October 8, 2014, Brown, appearing <u>pro se</u>, removed the action to this Court on the basis of federal question jurisdiction, asserting Fanne Mae violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (<u>See</u> Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

EDCV 14-02079-VAP (KKx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. SHAWNNA BROWN, AND DOES 1 THROUGH X, INCLUSIVE
MINUTE ORDER of October 9, 2014

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    Brown argues that Fannie Mae's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Not. of Removal at 2.)  Specifically, Brown argues that Fannie Mae violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse.  (Id. at 3.)  Accordingly, Brown contends that Fannie Mae's violation of federal law confers this Court with federal question jurisdiction.

    Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Fannie Mae's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action."  Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, Fannie Mae is barred from suing Brown under the PTFA.  Thus, Brown's argument that Fannie Mae has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.  As "[a]n unlawful detainer action does not

EDCV 14-02079-VAP (KKx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. SHAWNNA BROWN, AND DOES 1 THROUGH X, INCLUSIVE
MINUTE ORDER of October 9, 2014

raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Additionally, the Court notes that this is the third time that Brown has removed this action to the district court.  On June 13, 2014, Brown removed this action in case number 5:14-cv-01220-DDP-SH.[1]  The case was sua sponte remanded on June 25, 2014.  In the order remanding, Judge Pregerson noted that "Plaintiff's unlawful detainer complaint raises only issues of state law, and the amount in controversy does not exceed $75,000."  Federal National Mortgage Association v. Shawnna Brown, et al., 5:14-cv-01220-DDP-SH (C.D. Cal. June 25, 2014) (Doc. No. 7).

Undeterred, Brown removed this action again on September 10, 2014, in case number 5:14-cv-01893-SJO-KK.[2]  The case was sua sponte remanded on September 29, 2014.  In the order remanding, Judge Otero noted once again that unlawful detainer actions do not raise an issue of federal law and cannot be removed to federal court.  Federal National Mortgage Association v. Shawnna Brown, 5:14-cv-00967-SJO-KK (C.D. Cal. September 29, 2014) (Doc. No. 5).

The Court cautions Brown that if she attempts to remove this action again, the Court will entertain a motion filed by Fannie Mae, upon proper notice to Brown, for sanctions.  These sanctions may include, but are not limited to, monetary sanctions or a declaration that Brown is a vexatious litigant subject to certain restrictions on filing future cases in federal court.

---

[1]   Upon review of the docket this case, the Court notes that the notice of removal filed there is nearly identical to the one filed in the case at bar.

[2]   Again, this notice of removal is nearly identical to the one filed in the case at bar.

EDCV 14-02079-VAP (KKx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. SHAWNNA BROWN, AND DOES 1 THROUGH X, INCLUSIVE
MINUTE ORDER of October 9, 2014

  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

  **IT IS SO ORDERED.**